**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No.  3:20-CV-62** |
| | ) | |
| **v.** | ) | **Judges** _____ |
| | ) | |
| **$57,566.00 U.S. CURRENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**VERIFIED COMPLAINT *IN REM***

Comes now the plaintiff, United States of America, by and through its attorneys, Douglas J. Overbey, United States Attorney for the Eastern District of Tennessee, and Anne-Marie Svolto, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

**NATURE OF THE ACTION**

1.      In this *in rem* civil action, the United States of America seeks forfeiture of $57,566.00 in U.S. currency (hereinafter "defendant property").

2.      The United States of America seeks forfeiture of the defendant property pursuant to 21 U.S.C. § 881(a)(6) which authorizes forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substances Act.

## THE DEFENDANT *IN REM*

3.      The defendant property is $ 57,566.00 in U.S. currency, which was seized by the Drug Enforcement Administration on February 19, 2019.

4.      Custody of the defendant property was transferred to the United States Marshals Service.  The defendant property is currently on deposit in an account under the control of the United States Marshals Service.

## JURISDICTION AND VENUE

5.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6.      This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture of the defendant property occurred in this district.  Upon the filing of this complaint, the plaintiff requests that the Clerk issue an Arrest Warrant *In Rem* pursuant to Supplemental Rule G(3)(b)(i). The plaintiff will execute the warrant upon the defendant property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395(b) because the property is located in this district.

## BASIS FOR FORFEITURE

8.      The United States of America seeks forfeiture of the defendant property pursuant 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and/or 846.

9.      Pursuant to 21 U.S.C. § 881(h), all right, title and interest in the defendant property became vested in the United States at the time of the acts giving rise to the forfeiture.

2

# FACTS

10.     As set forth in detail in the Affidavit of Task Force Agent, Kelly Camp (TFO

Camp), of the Drug Enforcement Administration (DEA), the Government's investigation has

determined that the defendant property is proceeds of drug-related violations of 21 U.S.C. §§ 841

and/or 846.

# PERTINENT STATUTES

11.     21 U.S.C. § 841 states that "…it shall be unlawful for any person knowingly or
intentionally – (1) manufacture, distribute, or dispense, or possess with intent to
manufacture, distribute, or dispense, a controlled substance; or (2) to create,
distribute, or dispense, or possess with intent to distribute or dispense, a
counterfeit substance."

21 U.S.C. § 846 states that "Any person who attempts to conspires
to commit any offense defined in this subchapter shall be subject to
the same penalties as those prescribed for the offense, the
commission of which was the object of the attempt or conspiracy."

12.     21 U.S.C. § 881(a)(6) provides for the civil forfeiture of "All
moneys, negotiable instruments, securities, or other things of value
furnished or intended to be furnished by any person in exchange
for a controlled substance or listed chemical in violation of this
subchapter, all proceeds traceable to such an exchange, and all
moneys, negotiable instruments, and securities used or intended to
be used to facilitate any violation of this subchapter."

13.     Additionally, 28 U.S.C. § 1355(b)(1)(A) states that "A forfeiture
action or proceeding may be brought in – the district court for the
district in which any of the acts or omission giving rise to the
forfeiture occurred…"

14.     Based on the facts and circumstances gathered during the investigation into Victor

Felipe Villalpando, as presented in the Affidavit of TFO Camp of the DEA, the defendant

property was seized from Victor Felipe Villalpando, in Alcoa, Tennessee at the McGhee Tyson

Airport TSA checkpoint.  The United States' investigation has determined that the defendant

property was proceeds of drug-related violations of 21 U.S.C. §§ 841 and/or 846 and is subject to

forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

3

## CLAIM FOR RELIEF

15.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 14 above.  The defendant property constitutes money derived from proceeds of drug-related violations of 21 U.S.C. §§ 841 and/or 846.  The defendant property is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that:

(1)    The Clerk issue a Warrant for Arrest *In Rem* for the defendant property;

(2)    The defendant property be condemned and forfeited to the United States of America in accordance with the provisions of law;

(3)    Notice of this action be given to all persons known or thought to have an interest in, or right against the defendant property; and

(4)    Plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,

J. DOUGLAS OVERBEY
United States Attorney

By:    *s/Anne-Marie Svolto*
ANNE-MARIE SVOLTO
BPR# 025716
Assistant United States Attorney
800 Market Street, Ste. 211
Knoxville, Tennessee 37902
(865) 545-4167
anne-marie.svolto@usdoj.gov

4

## VERIFICATION

I, Kelly D. Camp, Task Force Officer with the Drug Enforcement Administration, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *In Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case with the Drug Enforcement Administration and the Metropolitan Knoxville Airport Authority Safety Department.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this _12th_ day of February 2020.

Kelly D. Camp
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed to before me
this _12th_ day of February, 2020.

Jeanette E. Sorey
Notary Public

My Commission Expires: _10/30/2022_

*[Notary seal: JEANETTE E. SOREY — STATE OF TENNESSEE NOTARY PUBLIC — KNOX COUNTY]*

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**DEFENDANTS**

$57,566.00 U.S. CURRENCY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Blount
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Anne-Marie Svolto, AUSA, 800 Market Street, Ste. 211
Knoxville, TN 37902, (865) 545-4167

Attorneys *(If Known)*

Scott A. Lanzon, Esq., Hindman & Lanzon, LLC, 550 Main Avenue,
Knoxville, TN 37902, (865) 525-7777

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Med. Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| | | | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 220 Foreclosure | [ ] 441 Voting | **Habeas Corpus:** | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 530 General | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | [ ] 448 Education | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Forfeiture pursuant to 21 U.S.C. § 881(a)(6)

Brief description of cause:
Proceeds of violations of 21 U.S.C. §§ 846 and/or 841

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
02/13/2020

SIGNATURE OF ATTORNEY OF RECORD
s/Anne-Marie Svolto

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:20-CV-62** |
| | ) | |
| **v.** | ) | **Judges** _____ |
| | ) | |
| **$57,566.00 U.S. CURRENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## WARRANT OF ARREST *IN REM*

TO:  The United States Marshal for the Eastern District of Tennessee and/or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court.

The United States, by and through its United States Attorney, respectfully requests that the Clerk of the Court for the United States District Court for the Eastern District of Tennessee issue a Warrant of Arrest *in Rem* pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.  In support of its application, the United States of America states as follows:

On February 13, 2020, the United States filed a Verified Complaint *in Rem* in the above-referenced case, which alleges that the defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) in violation of 21 U.S.C. §§ 841 and/or 846.  The defendant property is $57,566.00 in U.S. currency (hereinafter "defendant property').

The defendant property is currently in the possession of the United States.  In these circumstances, the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b)(i) directs the Clerk of the Court to issue a warrant to arrest the property if it is in the government's possession, custody or control.

Supplemental Rule G(3)(c)(i) provides that the Warrant of Arrest *In Rem* must be delivered to a person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

YOU ARE, THEREFORE, HEREBY COMMANDED to arrest the defendant property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or control the property are presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court.

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon who copies were served and the manner employed.

IN WITNESS WHEREOF, I, Clerk of the United States District Court for the Eastern District of Tennessee, have caused the foregoing Warrant of Arrest *In Rem* to be issued pursuant to the authority of the Supplemental Rule G(3)(b)(i) and the applicable laws of the United States and have hereunto affixed the seal of the Court at Knoxville, Tennessee, this _____ day of _____, 2020.

John Medearis
Clerk of the Court
United States District Court

By: _____
Deputy Clerk

2

## RETURN OF SERVICE

I hereby certify that I executed this warrant by serving _____ by

_____ on the _____ day of _____, 2020.


_____
United States Deputy Marshal
United States Marshals Service